LEROY B. SLUYTER v. GEORGE W. SCHWAB.

FILED MARCH 8, 1905. No. 13,733.

Title: ADVERSE POSSESSION: TACKING. Where the owner of two contiguous lots of land conveys one of such lots to A, and subsequently conveys the other to B, *held* that, in a contest between A and B concerning the boundary line between the lots, A cannot, for the purpose of establishing title by adverse possession against B, tack his own possession to that of the common grantor.

ERROR to the district court for Clay county: GEORGE W. STUBBS, JUDGE. *Reversed with directions.*

*William M. Clark,* for plaintiff in error.

*J. L. Epperson & Sons, contra.*

OLDHAM, C.

This was an action in ejectment by George W. Schwab, plaintiff in the court below, against Leroy B. Sluyter, defendant in the court below, to recover possession of two feet off the south side of lot 2, block 3 of Dickson's addition to the village of Clay Center, in Clay county, Nebraska, and $100 damages for the unlawful detention of the premises. The facts underlying the controversy are that lots 2 and 3 in block 3, in Dickson's addition to Clay Center are contiguous lots, 2 lying north of 3. After the addition was platted and recorded Dick-

son conveyed lots 2, 3 and 4 of block 3 by war-
ranty deed to one Cowen, who had a house erected on
the north line of lot 3, which projected over and be-
yond the lot line from one to two feet. This house was
erected in 1886. In March, 1887, Cowen conveyed the
three lots by warranty deed to James Kinkaid, and on
December 8, 1890, Kinkaid conveyed lot 3 by warranty
deed to defendant Sluyter, and on April 3, 1899, he also
conveyed lot 2 by warranty deed to plaintiff Schwab;
after plaintiff Schwab had purchased lot 2 a difference
arose as to the location of the boundary line between the
two lots. Schwab procured a survey of the lots which
fixed the boundary line two feet south of the line contended
for by Sluyter. Schwab thereupon brought his suit in
ejectment to recover possession of the disputed strip. This
suit was instituted on the 4th day of December, 1900.
Sluyter filed an answer to the petition which, in sub-
stance, amounted to a general denial and a plea of adverse
possession. At the trial of the cause a jury was waived
by both parties, and the cause tried to the court, and a
judgment rendered finding generally for the plaintiff on
his petition. On this judgment and finding the clerk of
the court subsequently entered a judgment for $100 dam-
ages for the unlawful detention of the premises against
defendant Sluyter. A motion for a new trial was filed by
defendant and overruled, and error proceedings instituted
in this court to reverse the judgment. After these pro-
ceedings had been instituted, counsel for plaintiffs in the
court below filed a motion to have the judgment corrected
by a *nunc pro tunc* entry and judgment entered finding the
issues in favor of the plaintiff for the possession of the
land in controversy, without any judgment for damages
for the unlawful withholding of the premises. This cor-
rected judgment was entered over the objection of defend-
ant Sluyter.

The first error called to our attention is that the judg-
ment in favor of plaintiff is unsupported by the evidence.
This objection is based on the theory that defendant Sluy-

ter was entitled to tack his possession of lot three to that of his grantor Kinkaid, and that when this possession was so tacked, it clearly showed that he had been in adverse possession of the premises for more than ten years before the filing of the petition. The fallacy of this contention is apparent from the fact that Kinkaid during his occupancy owned both the lots in controversy, and his possession of one was in nowise adverse to his claim of ownership of the other. No adverse holding was begun until Kinkaid conveyed lot three to defendant Sluyter; from the date of that conveyance the statute began to run against Kinkaid and his subsequent grantor and in favor of Sluyter, and not until then. To tack the possession of a grantee to that of a grantor it must be against some one to whom the grantor held adversely.

It is next contended that the judgment should be reversed because the premises were occupied as a homestead by defendant Sluyter, and his wife was not made a party defendant in the action. But there is no evidence in the record tending to show that defendant Sluyter ever had a wife, or that he ever occupied the premises as a homestead.

It is conceded that there is no evidence to support the finding of the district court in awarding $100 damages for the unlawful occupancy of the premises by the defendant Sluyter. Consequently the judgment was clearly erroneous for this reason at the time error proceedings were instituted in this court. The only injury however which defendant could suffer from this erroneous judgment would be the costs which he expended in procuring a review of the cause in this court before its attempted correction in the court below.

We therefore recommend that the judgment of the district court be reversed and the cause remanded, with directions to the court below to enter a judgment in favor of plaintiff for the possession of the premises in dispute, and one cent damage for the unlawful detention thereof.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the cause is remanded, with directions to the court below to enter a judgment in favor of plaintiff for the possession of the premises in dispute, and one cent damage for the unlawful detention thereof.

REVERSED.